UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEAN DUBLIN, #15006568,

                              Plaintiff,

                 -against-

STUART MICHELS,

                             Defendant.
------------------------------------------------------------------X

**ORDER**

16-CV-144 (JMA)(AYS)

**AZRACK, District Judge:**

       On January 4, 2016, incarcerated <u>pro</u> <u>se</u> plaintiff Sean Dublin ("plaintiff") commenced this action against Stuart Michels ("defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights.   Accompanying the complaint is an application to proceed <u>in</u> <u>forma pauperis</u>.   The court grants plaintiff's request to proceed <u>in</u> <u>forma pauperis</u> and <u>sua</u> <u>sponte</u> dismisses the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) for the reasons that follow.

## I.   BACKGROUND[1]

       Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form and seeks to recover money and personal property from the defendant.[2]   According to the complaint, plaintiff did some construction work in the defendant's home in exchange for $9,000, to be paid when the work was completed, and a "place to stay" in defendant's basement while the

---

[1]   All material allegations in the complaint are assumed to be true for the purpose of this Order, <u>see, e.g.</u>, <u>Rogers v. City of Troy, New York</u>, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a <u>pro</u> <u>se</u> complaint for <u>sua</u> <u>sponte</u> dismissal, a court is required to accept the material allegations in the complaint as true).

[2]   Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.   Because the pages of plaintiff's complaint are misnumbered, the Court refers to the page numbers provided by ECF for convenience.

construction was on-going. (Compl. at 6, ¶¶ 1–2.) Plaintiff alleges that he moved into the defendant's basement, with his personal property, and performed the construction work upon which they had agreed. (Id. at 5, ¶¶ 3–4.) Once the work was completed, plaintiff alleges that the defendant was "satisfied" and asked plaintiff to do some additional work in his kitchen and bathroom for an additional $10,000. (Id.) Once that work was completed, plaintiff claims that the defendant told plaintiff to "clean his yard (i.e. dig out weeds on the side walk and flower garden, take out the garbage, clean up after the dog, mop and sweep his house, wash their dishes after breakfast, lunch and dinner or plaintiff will face eviction." (Id. at 5, ¶ 5.) According to plaintiff, defendant refused to pay him and threatened him with eviction when plaintiff asked to be paid. Plaintiff alleges that the defendant became hostile and punched him and plaintiff fought back. Plaintiff alleges that he called the police, and when they arrived, plaintiff was arrested. (Id. at 4, ¶ 6.) Plaintiff claims that his personal property is still in the defendant's home. For relief, plaintiff seeks to recover a damages award in total sum of $349,000.00 from the defendant. (Id. at 7, ¶¶ 8–15.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or

2

(iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## C.    Subject Matter Jurisdiction

As a threshold matter, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (citing Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008)). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000); see also Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a district court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); see also Lyndonville, 211 F.3d at 701.

It is well established that federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Here, plaintiff alleges that his claims arise under 42 U.S.C. § 1983. However, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal

rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979); <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." <u>Cornejo v. Bell</u>, 592 F.3d 121, 127 (2d Cir. 2010) (quoting <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct at issue must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." <u>Id.</u> (internal quotation mark omitted); <u>see</u> <u>also</u> <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999).

Here, the defendant is a private party who is not alleged to have acted under color of state law. And, because plaintiff has alleged, at best, state law breach of contract and/or tort claims, he has not alleged claims arising under the Constitution or laws of the United States. Because jurisdiction pursuant to 28 U.S.C. § 1331 is properly invoked only where a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States," <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 (2006), plaintiff's reliance on Section 1983 to invoke jurisdiction pursuant to 28 U.S.C. § 1331 is misplaced.

Moreover, the complaint alleges that both plaintiff and defendant reside in Oceanside, New York, thus precluding diversity of citizenship and depriving this Court of jurisdiction under 28 U.S.C. § 1332. Accordingly, plaintiff has failed to establish a basis for this Court's subject matter jurisdiction, and, therefore, this action must be dismissed. <u>See</u> Fed. R. Civ. P. 12(h)(3). The dismissal is without prejudice to plaintiff pursing any valid claims he may have against the defendant in state court. While ordinarily the Court would allow plaintiff an opportunity to amend the complaint, it need not afford that opportunity here because it is clear from plaintiff's submission that he cannot establish a basis for this Court's subject matter jurisdiction. Accordingly, leave to re-plead is denied, as any amendment would be futile. <u>See</u> <u>Ashmore v.</u>

Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (finding a grant for leave to amend to be futile where "barriers to relief . . . cannot be surmounted by reframing the complaint").

## III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed with prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.   The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address and to mark this case closed.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated:  April 19, 2016
Central Islip, New York

_____  /s/ JMA
JOAN M. AZRACK
 UNITED STATES DISTRICT JUDGE